THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENJAMIN WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-01802 |
| ) | |
| LITTLE CAESAR ENTERPRISES, INC., ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

## FIRST AMENDED COMPLAINT

Plaintiff, Benjamin Williams, brings this First Amended Complaint against Defendant, Little Caesar Enterprises, Inc. ("Defendant" or "Little Caesar's"), under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* to remedy acts of employment discrimination and retaliation perpetrated against him by Little Caesar's. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. This action arises out of Defendant's racial discrimination, religious discrimination, and retaliation against Plaintiff, in violation of Title VII, 42 U.S.C. §§ 2000e *et seq.*

2. Plaintiff was employed by Little Caesar's from January 7, 2019 to August 24, 2019, wherein he witnessed and experienced racial discrimination, harassment, and retaliation by his Hispanic supervisors, which manifested in preferential treatment and career advancement exclusively for similarly situated Hispanic employees.

3. On or about August 24, 2019, in direct retaliation for Plaintiff's repeated complaints of clear and repeated instances of racial and religious discrimination, Little Caesar's terminated Plaintiff from his position.

4. On or about October 7, 2019, Plaintiff filed a formal charge with the Equal Employment Opportunity Commission. *See* Exhibit A.

## PARTIES

5. Plaintiff Benjamin Williams is a citizen of the State of Illinois. At all times material, Plaintiff resided in Cook County in the State of Illinois. At all times material, Plaintiff was an "employee" as defined by Title VII, 42 U.S.C. §2000e(f).

6. Defendant Little Caesar Enterprises, Inc. is a Michigan corporation that is registered with the Illinois Secretary of State and conducts business in the State of Illinois, including Cook County. Upon information and belief, Defendant Little Caesar's maintains employee files. At all times material, Defendant was an "employer" as defined by Title VII, 42 U.S.C. §2000e(b).

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, because Plaintiff's claims arise under Title VII.

Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b), because Defendant conducts business within this District and because a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PREREQUISITES TO SUIT

8. Plaintiff has satisfied the procedural requirements to filing suit by filing charges with the Equal Employment Opportunity Commission ("EEOC") and by bringing this action within 90 days of receipt from the EEOC of his Notice of Right to Sue (attached as Exhibit B).

## FACTUAL BACKGROUND

9. Plaintiff is a Black male of the Christian faith.

10. Plaintiff was hired by Defendant in January 2019 to work as a Co-Manager at Little Caesar's. When Plaintiff was first hired, he worked at a Little Caesar's located at 2906-08 W 63rd Street, Chicago, Illinois 60629 ("63rd Street Location"). In his role as a Co-Manager, Plaintiff's primary duties were to perform managerial duties, including providing direction to and monitoring of team members during shifts by ensuring orders are properly completed and the restaurant is properly cleaned and organized, and team members are compliant with standards set forth in the Little Caesar's Orientation and Training Handbook, in addition to cash management responsibilities.

11. When Plaintiff was hired, Plaintiff notified Little Caesar's that he is a Pastor, and as such, his religious obligations render him unavailable to work shifts on Sundays.

12. At all relevant times, Plaintiff was treated less favorably than similarly situated Hispanic employees, discriminated against on the basis of his race, and experienced and witnessed the advancement of Hispanic employees over similarly-situated Black employees.

13. Upon hire, Plaintiff immediately began his manager training program under the Store Manager at the 63rd Street Location, Dominique, who is a Black woman.

14. Plaintiff's training program was outlined in the Little Caesar's Orientation and Training Handbook, which Store Managers were required to follow.

15. When Plaintiff was working at the 63rd Street Location, Dominique adhered to the training handbook to train Plaintiff.

16. After roughly five weeks, on or about February 15, 2019, Plaintiff was transferred to the Little Caesar's located at 5601 S. Harlem Avenue, Chicago, Illinois 60638 ("Harlem Location"). At the Harlem location, Plaintiff reported to his new Store Manager, Edith, who is a Hispanic woman. Plaintiff had not yet completed the initial training program upon his transfer.

17. Following Plaintiff's transfer to the Harlem Location, Edith failed to resume Plaintiff's managerial training. Rather than conform to the Little Caesar's training handbook, Edith instead assigned Plaintiff to lower-level Crew Member tasks, including working at the prep table, building pizzas, and making dough.

18. On or about four weeks after Plaintiff's transfer to the Harlem Location, another manager was hired to work at his location, who was a Hispanic man.

19. When the new Hispanic manager was hired, Edith immediately began training him, following the training protocol contained in the training handbook precisely.

20. Within weeks, the new manager was directing Plaintiff.

21. Subsequently, Plaintiff made a complaint about Edith's disparate treatment and failure to train Plaintiff to Troy, an Area Supervisor for Chicagoland Little Caesar's locations.

22. Troy escalated Plaintiff's complaint to Joseph Dattolo, an Area Supervisor for Little Caesar's locations in the Chicagoland area.

23. At first, Plaintiff believed Mr. Dattolo was listening to him, wanting to find a way to remedy the situation.

24. Soon after, Mr. Dattolo began responding to Plaintiff's complaint by threatening his position at Little Caesar's by continually placing Plaintiff in positions where Mr. Dattolo could reasonably terminate him.

25. For example, Plaintiff lives on the West Side of Chicago and does not own a car. As such, Plaintiff relies on various forms of public and private transportation, including Uber, to arrive at work on time.

26. Following Plaintiff's complaint, Mr. Dattolo attempted to transfer Plaintiff to a Little Caesar's location in Chicago Heights, with the requirement that Plaintiff be terminated upon the first instance he arrives late to work.

27. Knowing a transfer to Chicago Heights would not be feasible to maintain his employment with Defendant, Plaintiff contacted his previous Store Manager, Dominique, at the 63rd Street Location, who agreed to allow Plaintiff to return to work at her store.

28. Plaintiff was subsequently transferred back to the 63rd Street Location, where he finished his training period.

29. Mr. Dattolo next required that Plaintiff complete an additional week of training, which, upon information and belief, no Hispanic manager in training has been required to complete.

30. After Plaintiff completed his training program, an Area Supervisor, Kevin, sought to have Plaintiff transferred to run a different store, located at 1406 W. 47th Street, Chicago, Illinois 60609 ("Bishop Plaza Location"). Rather than transfer Plaintiff (or internally promote a Black Assistant Manager at the store) to fill the role, Mr. Dattolo hired a Hispanic manager.

31. Plaintiff was instead transferred to a Little Caesar's location at 3225 W. 47th Place, Chicago, Illinois 60632 ("47th Place Location"). At the 47th Place Location, Plaintiff reported to the Store Manager, Maria, a Hispanic woman.

32. Plaintiff was repeatedly reported by Maria for minor infractions of Little Caesar's policy, while similarly situated Hispanic employees were not reported for similar conduct. For example, Maria reported Plaintiff for a "bad closing" because Plaintiff missed a spot while washing the kitchen down. However, Maria failed to issue write-ups in identical situations where Hispanic employees failed to meet the standard for an adequate closing.

33. Plaintiff continued to complain to Little Caesar's that he was treated less favorably than similarly situated Hispanic employees. Plaintiff, attempting handle the matter internally prior to filing a complaint with the EEOC, complained to Little Caesar's corporate Human Resources via telephone.

34. A Human Resources representative, Erica Bailey, recirculated the complaint to Mr. Dattolo, after instructing Plaintiff that he should "call the EEOC."

35. Plaintiff continued to experience less favorable treatment as he continued to send email complaints to Area Supervisors, Human Resources, and David Bruno, the Regional Loss Prevention Manager.

36. For example, after the Hispanic manager hired by Mr. Dattolo at the Bishop Plaza Location quit, Plaintiff was transferred to the Bishop Plaza location, where he worked until he was fired.

37. While working at the Bishop Plaza Location, on or about July 2019, when Plaintiff's store ran out of pizza dough, Area Supervisors required him to keep the store open while he made more, which violated Little Caesar's policy.

38. However, on or about August 2019, when a Hispanic manager, Juan, ran out of dough at the same location, he was allowed to close the store.

39. Plaintiff additionally began consistently to be scheduled to work shifts on Sundays, despite notifying Little Caesar's of his religious obligations.

40. Prior to being fired, Plaintiff was scheduled to work a shift, but when he arrived, he discovered that the store did not have any change in the cash register. As Plaintiff understood that Little Caesar's policy was that the store could not operate without change, he first requested, pursuant to policy, that another Co-Manager bring him change to refresh the supply.

41. When he was not brought any additional change, Plaintiff was forced to send a manager trainee to the bank in order to obtain change so the store could properly operate.

42. Defendant opened an official investigation into the event, suspended Plaintiff, and ultimately fired him on August 24, 2019, citing a violation of its "banking policy."

43. Plaintiff is aware of other instances where similarly situated Hispanic employees have committed similar, if not more egregious, violations of Defendant's banking policy. For example, on one of Plaintiff's days off, an Assistant Manager ran the store. When the Assistant Manager and the additional employees on duty, all of whom are Hispanic, required the code to the store's safe, they neglected to attempt to contact Plaintiff and instead contacted a former employee, who had been recently terminated.

44. As the employees' conduct was in direct violation of Little Caesar's banking policy, Plaintiff reported the employees' conduct to his supervisor. As a result, the employees were briefly suspended. However, their suspensions were merely temporary, and both are still employed by Little Caesar's.

45. Plaintiff worked in five stores, under five different Store Managers. He was only ever disciplined at the 47th Place Location by Maria, after he began raising complaints about his disparate treatment.

46. Plaintiff's Black colleagues likewise reported being treated more harshly than similarly-situated Hispanic employees, including but not limited to being assigned more difficult duties and being given more responsibilities to be completed prior to the end of their shifts.

47. Defendant permitted a general environment of hostile discrimination to persist within the workplace.

48. On or about October 7, 2019, Plaintiff filed a formal charge with the EEOC. *See* Exhibit A.

49. Plaintiff also filed for unemployment, which Defendant is contesting.

## FIRST CAUSE OF ACTION
### Racial Discrimination - Violation of Title VII

50. Plaintiff incorporates by reference all preceding paragraphs.

51. By the conduct described above, Little Caesar's engaged in an intentional and systematic policy, pattern, and/or practice of discrimination against Plaintiff, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a).

52. Little Caesar's conduct as described above was intended and did have the effect of discriminating against and harassing Plaintiff because of his race.

53. As a direct result of Little Caesar's discriminatory policies, practices, and conduct as described above, Plaintiff has suffered damages including, but not limited to, past and future income, compensation, and benefits.

54. Little Caesar's acted with malice or with reckless disregard for Plaintiff's rights.

55. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his employment status because of his race.

56. The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by 42 U.S.C. §2000e-2(a).

57. Accordingly, Plaintiff seeks an order declaring that Little Caesar's conduct constitutes illegal racial discrimination and awarding Plaintiff damages in an amount to be calculated at trial.

## SECOND CAUSE OF ACTION
### Religious Discrimination – Violation of Title VII

58. Plaintiff incorporates by reference all preceding paragraphs.

59. By the conduct described above, Little Caesar's engaged in an intentional and systematic policy, pattern, and/or practice of religious discrimination against Plaintiff, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a).

60. Little Caesar's conduct as described above was intended and did have the effect of discriminating against and harassing Plaintiff because of his religion.

61. As a direct result of Little Caesar's discriminatory policies, practices, and conduct as described above, Plaintiff has suffered damages including, but not limited to, past and future income, compensation, and benefits.

62. Little Caesar's acted with malice or with reckless disregard for Plaintiff's rights.

63. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his employment status because of his religion.

64. The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by 42 U.S.C. §2000e-2(a).

65. Accordingly, Plaintiff seeks an order declaring that Little Caesar's conduct constitutes illegal racial discrimination and awarding Plaintiff damages in an amount to be calculated at trial.

## THIRD CAUSE OF ACTION
### Retaliation – Title VII, 42 U.S.C. 2000e, *et seq.*

66. Plaintiff incorporates by reference all preceding paragraphs.

67. Plaintiff engaged in protected activities under Title VII, including making internal complaints of racial discrimination and/or filing charges with the EEOC.

68. Little Caesar's violated Title VII when it took adverse employment actions again Plaintiff with the purpose of retaliating against him because of his participation in protected activities and opposition to racial discrimination.

69. Little Caesar's knew or should have known that its actions constituted unlawful retaliation and showed willful and/or reckless disregard for Plaintiff's statutorily protected rights.

70. The foregoing conduct constitutes illegal treatment prohibited by Title VII.

71. Accordingly, Plaintiff seeks an order declaring that Little Caesar's conduct constitutes illegal retaliation and awarding Plaintiff damages in an amount to be calculated at trial.

### PRAYER FOR RELIEF

Wherefore, Plaintiff Benjamin Williams, on behalf of himself, individually, respectfully requests that this Court enter an Order:

A. Declare and find that the practices complained of herein are unlawful and violate 42 U.S.C. § 2000e, *et seq.*;

B. Award lost wages and lost benefits to employment to Plaintiff;

C. Order that Plaintiff be reinstated or, if reinstatement is not feasible, award Plaintiff future lost wages;

D. Award all damages sustained as a result of Defendant's discriminatory conduct, including damages for emotional distress, humiliation, embarrassment, and anguish, according to proof;

E. Award compensatory damages according to proof;

F. Award exemplary and punitive damages in an amount commensurate with Defendant's ability to pay and to deter future discriminatory conduct;

G. Award pre-judgment interest;

H. Award all costs incurred herein and reasonable attorneys' fees to the extent allowable by law;

I. Award appropriate equitable and injunctive relief to remedy violations including, but not necessarily limited to, an order enjoining Defendant from continuing their unlawful discriminatory practices;

J. Granting leave to amend and add claims under applicable state and federal laws;

K. Awarding Plaintiff pre- and post-judgment interest, to the extent allowable; and

L. Awarding such other and further relief as equity and justice may require.

## JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Date: October 26, 2020                               Respectfully Submitted,

                                                     */s/ Haley R. Jenkins*
                                                     Haley R. Jenkins
                                                     **STEPHAN ZOURAS, LLP**
                                                     100 N. Riverside Plaza, Suite 2150
                                                     Chicago, Illinois 60606
                                                     312.233.1550

312.233.1560 *f*
hjenkins@stephanzouras.com
Firm ID No. 43734

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on October 26, 2020, I filed the attached with the Clerk of the Court using the ECF system, which will send such filing to all attorneys of record.

 */s/ Haley R. Jenkins*